**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUN 2 0 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

David L. Smith,                    )
                                   )
            Plaintiff,             )
                                   )        Case: 1:15-cv-01154
      v.                           )        Assigned To : Unassigned
                                   )        Assign. Date : 7/20/2015
                                   )        Description: Pro Se Gen. Civil  F Deck
United States of America *et al.*, )
                                   )
            Defendants.            )

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, is a North Carolina state prisoner incarcerated in Maury,

North Carolina.  In a single paragraph, plaintiff alleges that the defendants "in conspiracy did

unlawfully assemble (4) criminal stat[utes] into N.C.G.S. 14-7.1 and have been unlawfully

enhancing N.C. repeat offender sentences from December 11, 2003 through date of this

complaint."  Compl. at 1. Plaintiff seeks "repeal and dissolution" of North Carolina's

enhancement statute, "commutation" of his sentence, and his release from incarceration.  *Id.* at 2.

The Court will grant the accompanying application to proceed *in forma pauperis* and, for the

reasons explained below, will dismiss the case for lack of jurisdiction.

Federal court review of a sentence imposed by a state court is available under 28 U.S.C.

§ 2254 after the exhaustion of state remedies.  *See* 28 U.S.C. §2254(b)(1).  Thereafter, "an

application for a writ of habeas corpus [] made by a person in custody under the judgment and

sentence of a State court . . . may be filed in the district court for the district wherein such person

is in custody or in the district court for the district [where the sentencing court sits] and each of

such district courts shall have concurrent jurisdiction to entertain the application."  28 U.S.C.



§ 2241(d).  Plaintiff must pursue habeas relief in an appropriate court in North Carolina.  *See*

*Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (finding it "well-settled that a prisoner

seeking relief from his conviction or sentence may not bring [ ] an action" for injunctive and

declaratory relief) (citations omitted).  Hence, this civil action will be dismissed.  A separate

Order accompanies this Memorandum Opinion.

DATE: July 15, 2015

United States District Judge